IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Albert Santarelli and<br>Susan Santarelli,<br><br>       Plaintiffs<br>v.<br><br>GC Services, LP,<br><br>       Defendant | FILED ELECTRONICALLY |

# COMPLAINT

## I. Introduction

1. This is an action for damages brought by individual consumers for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act"). This statute prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

## II. Jurisdiction and Venue

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3. Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff Albert Santarelli is a natural person residing at 1108 New Street, Jessup, PA 18434. Susan Santarelli is married to and resides with Albert Santarelli.

5. Defendant, GC Services, LP, ("the Collector") is a limited partnership engaged in the business of collecting debts in this state with a place of business located at 6330 Gulfton St., Houston, TX  77081-1108.

6. The Collector is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

7. On or before October 30, 2008, the Collector began attempting to collect an alleged account ("the Account") from Plaintiffs.

8. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. §1692a(5).

9. The collector regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.

10. Between October 29, 2008, and February 13, 2009, the Collector caused at least thirty-eight (38) telephone calls ("*the Calls*") to be placed to phone number (570) 489-0582 or (570) 650-5343.

11. The aforementioned phone number was assigned to the address identified in paragraph 4 at all times relevant to this matter.

12. During each of *the Calls*, an employee of the Collector left a message ("*the Messages*") for Plaintiff.

13. 15 U.S.C. § 1692e(11) requires a debt collector to disclose that the communication is from a debt collector in each communication with a consumer.

14. In all thirty-eight (38) of *the Messages,* the caller failed to disclose that the call was from a debt collector.

15. In all thirty-eight (38) of *the Messages,* the caller failed to provide the disclosure required by 15 U.S.C. § 1692e(11).

16. 15 U.S.C. § 1692d(6) requires a debt collector to provide a meaningful disclosure of identity in each communication with a consumer.

17. In thirty-seven (37) of *the Messages,* the caller failed to state the name of the Collector.

18. In those thirty-seven (37) of *the Messages,* the caller failed to provide the meaningful disclosure of identity required by 15 U.S.C. § 1692d(6).

19. In one (1) of *the Messages,* the caller stated the name of the Collector.

20. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect a debt or obtain location information about a consumer.

21. In six (6) of *the Messages,* the caller made statements to the effect that "I need a call back immediately, it's actually quite important", or "it is time sensitive", or "it is imperative that I do speak to you as soon as possible", or "It would definitely be in your best interest to contact me", or other words to similar effect.

22. The statements referenced in paragraph 21 created a false sense of urgency that Plaintiffs were required to take immediate action to avoid dire consequences.

23. The statements referenced in paragraph 21 were false and deceptive, in that they create the false urgency, in an attempt to garner a return call or payment from Plaintiffs.

24. The statements referenced in paragraph 21 violated 15 U.S.C. § 1692e(10).

25. The Calls and Messages were attempts to collect the Account.

WHEREFORE, Plaintiffs demand judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## V. Demand for Jury Trial

26. Plaintiffs demand a trial by jury as to all issues so triable.

>Respectfully Submitted,
>
>s/ Kenneth W. Pennington
>Kenneth W. Pennington
>Bar Number PA 68353
>Attorney for Plaintiffs
>Sabatini Law Firm
>142 N. Washington Ave., Ste 800
>Scranton, PA  18503-2218
>Phone (570) 341-9000
>Facsimile (570) 504-2769
>Email kpecf@bankruptcypa.com